U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 0 2017

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JAMES GLOVER III                           CIVIL ACTION NO. 1:16-00627

VERSUS                                            JUDGE JAMES T. TRIMBLE, JR.

US DEPT. OF EDUCATION                 MAG. JUDGE PEREZ-MONTES

## MEMORANDUM RULING

Before the court is "The United States' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(1)" (R. #21) wherein the Defendant seeks to dismiss the instant lawsuit because Plaintiff, James Glover III, failed to provide a waiver of the United States' sovereign immunity for the types of relief requested in Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

In his complaint, Mr. Glover seeks only injunctive relief against the Department of Education to prohibit it from collecting a student loan as well as monetary damages. Mr. Glover asserts that he made arrangements with Financial Asset Management Systems Inc. who was acting on behalf of the Department of Education, wherein he agreed to make $50 monthly payments. Mr. Glover remarks that he has made each of these payments, thus Defendant has no right to seek a writ of garnishment from his employer.

## LAW AND ANALYSIS

The program which Plaintiff allegedly received his student loans is authorized under Title IV, Part D of the Higher Education Act of 1965 ("HEA"). Section 1082(a)(2) of the HEA states that the Secretary of Education may:

1

> Sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy … but no attachment, injunction, garnishment, or other similar process, mesne or final judgment, shall be issued against the Secretary or property under the Secretary's control…

Even though the statute provides a limited waiver of sovereign immunity, the HEA does not waive sovereign immunity for injunctive relief and there is case law wherein courts agree that an action that seeks to prohibit the government from collecting a debt seeks injunctive relief which is a type of action wherein this court lacks subject-matter jurisdiction.[1] Similarly, the statute does not waive sovereign immunity for monetary damages.[2]

Because Plaintiff's complaint seeks injunctive relief and monetary damages, Section 1082(a)(2) precludes subject matter jurisdiction over Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted dismissing Plaintiff's complaint with prejudice at plaintiff's costs.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 20th day of September, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Green v. U.S. Dep't. of Education, 163 F.Supp.2d 593, 597 (W.D.N.C. 2000)(citing Thomas v. Bennett, 856 F.2d 1165, 1168 (8th Cir. 1988).

[2] De La Mota v. U.S. Dep't of Education, 2003 WL 21919774 at *4 (S.D.N.Y Aug. 12, 2003) citing Presidential Gardens Assocs. v. U.S. ex rel. Secretary of Hous. and Urban Dev. 175 F. 3d 132, 141 (2nd Cir. 1999).

2